IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THRIVENT FINANCIAL FOR           :
LUTHERANS f/k/a                  :        Civil Action No. 4:04-CV-02403
LUTHERAN BROTHERHOOD             :

      Plaintiff,             :
                                 :
      v.                     :        (Judge McClure)
                                 :
DARLENE SAVERCOOL and            :
NELSON SWARTZ                    :
         Defendants.          :

**MEMORANDUM**

December 29, 2008

**BACKGROUND:**

Plaintiff Thrivent Financial for Lutherans (hereinafter "Thrivent") instituted

an interpleader complaint on November 3, 2004 to pay a portion of the proceeds of

an annuity into court until liability to the beneficiaries was determined. The

annuity listed three primary[1] beneficiaries, two of whom survived the annuitant -

Darlene Savercool and Nelson Swartz. According to the policy, the proceeds of

the annuity, valued at $140,101.88, should be split evenly between the two

_____

[1]Although Defendant Savercool submits that she is the sole primary
beneficiary to the annuity, this is not the position of Thrivent, nor is it at issue in
the instant motion. Therefore, we presently will treat the beneficiaries as does
Thrivent, as evidenced by the annuity policy.

1

surviving beneficiaries.  Initially, one-half of the policy, $70,050.94 was paid to

Darlene Savercool.  Thrivent petitioned to, and did,  pay the remaining $70,050.94

into court because it was unable to find the other beneficiary, Nelson Swartz, as his

address was not supplied to Thrivent by the annuitant.

In its complaint, Thrivent admitted the last known address for Swartz was

Milton, Pennsylvania. (Rec. Doc. No. 1 at ¶ 3).  Thus, in an effort to find Swartz,

Thrivent found three listings with the last name Swartz in New Cumberland,

Pennsylvania, none of whom had any knowledge of Nelson Swartz.  (Rec. Doc.

No. 8-3).  Thrivent also contacted the pastor of the deceased annuitant, located in

Shiremanstown, Pennsylvania. (Id.) The pastor was not familiar with Nelson

Swartz. (Id.) Thrivent also conducted a database search in Juniata County and

found no listings under that name.  (Id.) Thrivent conducted a nationwide internet

search for Swartz, and found a listing in New Hope, Pennsylvania, who was ruled

out as the beneficiary. (Id.) Finally, Thrivent did a nationwide internet search

adding a "ch" to Swartz to search by the name"Schwartz" and found one Nelson

Schwartz in Pennsylvania, who was not the beneficiary either.  (Id.)

As a result of these attempts, on December 23, 2004, Thrivent moved for

service by publication, which this court granted. (Rec. Doc. Nos. 7 and 9).  This

court ordered the advertisement to be placed in newspapers of general circulation

in Juniata, Cumberland, Huntington, and Northumberland Counties, notice to run once a week for two consecutive weeks. (Rec. Doc. No. 9).  Because there was no response to the advertisement, Thrivent moved for entry of default judgment against Swartz, which was granted by this court on March, 30, 2005. (Rec. Doc. No. 20).   This court also ordered the funds on deposit with the Registry of Court to be paid to Savercool. (Rec. Doc. No. 22).

On September 30, 2008, Swartz filed a motion to set aside the entry of default and the default judgment pursuant to Fed. R. Civ. P. 60(b)(4), arguing that there was improper service of the complaint, and that therefore the judgment is void for lack of personal jurisdiction over Swartz. (Rec. Doc. No. 23).   The parties filed responsive briefs.  This court also ordered further briefing, to determine how Swartz learned of the default judgment, and to ensure Swartz was unaware of the attempts at service when the default was entered.  (Rec. Doc. No. 36).  All briefs have been filed and the matter is ripe for disposition.

Now, for the following reasons, the court will set aside the entry of default and the default judgment.

**DISCUSSION:**

Rule 55(c) of the Federal Rules of Civil Procedure states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default

judgment under Rule 60(b)." Rule 60(c)(1) of the Federal Rules of Civil Procedure states that, "[a] motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." What is a reasonable time depends, to a large extent, on the circumstances alleged. Lasky v. Continental Products Corp., 804 F.2d 250, 255 (3d Cir. 1986). The determination to grant or deny relief under Rule 60(b) is within the sound discretion of the court. Id.

Relief under 60(b)(4) is appropriately sought when the judgment is void. See Fed. R. Civ. P. 60(b). "A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside." Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d, 14, 19 (3d Cir. 1985). The entry of a default judgment without proper service of a complaint renders a judgment void. U.S. v. One Toshiba Color TV, 213 F.3d 147, 156 (3d Cir. 2000).

"[A]n individual...may be served... by following state law for servi[ce]... in the state where the district court is located or where service is made..." Fed. R. Civ. P. 4(e). Pennsylvania Rule of Civil Procedure 430(a) allows service by publication:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts

4

of the defendant and the reasons why service cannot be made.
Pa. R. Civ. P. 430(a).  "The purpose of this procedure is to provide proof that a

good faith effort has been made to effect service under normal methods." <u>Deer</u>

<u>Park Lumber, Inc. v. Major</u>, 559 A.2d 941, 944 (Pa. Super. 1989).  "Only after

such proof has been offered is the court authorized to direct publication or another

method of substitute service." <u>Id.</u>  The note accompanying Pennsylvania Rule of

Civil Procedure 430 states:

> An illustration of a good faith effort to locate the defendant includes
> (1) inquires of postal authorities including inquiries pursuant to the
> Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of
> relatives, neighbors, friends, and employers of the defendant, and (3)
> examinations of local telephone directories, voter registration records,
> local tax records, and motor vehicle records.

Pa. R. Civ. P. 430, n.

When this court ordered service by publication, the court was obligated to

ensure Thrivent made a good faith effort to effect service under normal methods.

<u>See</u> <u>Deer Park Lumber, Inc.</u>, 559 A.2d at 944.  Thrivent admitted in its motion for

service by publication that the last known residence of Nelson Swartz was Milton,

Pennsylvania.  Thrivent's affidavits describe how it attempted to locate Swartz.

Thrivent contacted Darlene Savercool, the other beneficiary to the policy who

potentially stood to gain under the policy if Swartz was not found.    Thrivent also

contacted the agent who sold the policy to the annuitant.  Finally, Thrivent hired an

investigator who could not locate Swartz.  To attempt to find Swartz, the

5

investigator searched listings in New Cumberland, Pennsylvania,  spoke with the annuitant's pastor in Shiremanstown, Pennsylvania, searched a Juniata County database, and conducted an internet search.

This court erred in ordering service by publication.  Because Thrivent was aware that Swartz's last known address was Milton, Pennsylvania, Thrivent should have searched records in Milton, a borough of Northumberland County, and/or records in Northumberland County.   Thrivent searched in New Cumberland, PA, some 70 miles from Milton, and Juniata County, a county that scantily borders Northumberland County.  Making inquiries of the relative who stood to gain if Swartz was not found, along with a search of a city and county, neither of which were the last known residence of Swartz, does not constitute a good faith effort.

A good faith effort would have begun with records searches in Milton and Northumberland County.  In 2002, Swartz moved approximately six miles, from Milton to Watsontown, also a borough in Northumberland County.  A property records/title search of Northumberland County would have successfully located Swartz.  A search of Pennsylvania's Department of Transportation driver's license records would have also successfully located Swartz.  With a last known address of Milton, Pennsylvania, Thrivent's search should have included a search of Swartz's last known city and county.  This would have located Swartz so that he could have

been personally served.  Service by publication, a last resort, could have been

avoided.   It is completely unclear why Thrivent did not search for Swartz in

Milton or Northumberland County, but instead searched for Swartz in New

Cumberland, PA, some 70 miles from Milton.

Moreover, the counties Thrivent chose for publication by service, Juniata,

Cumberland, Huntington, and Northumberland Counties, are, with the exception of

Northumberland County, not the counties closest geographically to

Northumberland.  To successfully locate Swartz, Thrivent should have published

notification in the newspapers of Union, Snyder, Lycoming, Montour, Schuylkill

and Dauphin counties, as these are the counties that border Northumberland.

"Service by publication is the exception, not the rule, and can only be

ordered provided the requirements of Rule 430(a) have been met." Deer Park

Lumber, Inc., 559 A.2d at 944.  "[I]n order to avail oneself of the publication

provisions outlined in section (b), the requirements of section (a) must first be

met." Id.  at 945.  Because the procedural requirements of Rule 430(a) were not

met by Thrivent, service by 403(b) could not have been effectuated.  See Deer Park

Lumber, Inc., 559 A.2d at 945.

Although Thrivent argues that Swartz's motion is barred by the doctrine of

laches, this court disagrees.  A void judgment is no judgment at all; thus there is no

time limit in which to challenge a nullity.

Because there was improper service of the interpleader complaint, this court did not obtain the requisite personal jurisdiction needed for entry of judgment. Therefore, we will set aside the entry of default and the default judgment and open the judgment.


       s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THRIVENT FINANCIAL FOR | : | |
| LUTHERANS f/k/a | : | Civil Action No. 4:04-CV-02403 |
| LUTHERAN BROTHERHOOD | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| DARLENE SAVERCOOL and | : | |
| NELSON SWARTZ | : | |
| Defendants. | : | |

**O R D E R**

December 29, 2008

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Defendant Nelson Swartz's Motion to Set Aside Judgment for Lack of Personal Jurisdiction is GRANTED.  (Rec. Doc. No. 23).

2.    The entry of default and the default judgment are set aside. (Rec. Doc. No. 20).

3.    The clerk is directed to open the default judgment.


    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

9